## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ROBBIE WELLS, an individual, and**<br>**TAMARA WELLS, an individual,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Case No. 06-CV-150-JHP-PJC** |
| **LOWE'S HOME CENTERS, INC.,**<br>**a foreign corporation registered in**<br>**the State of Oklahoma; LOWE'S**<br>**COMPANIES, INC., a foreign**<br>**corporation registered in the State**<br>**of Oklahoma; IRWIN INDUSTRIAL**<br>**TOOL COMPANY, a foreign**<br>**corporation f/k/a American**<br>**Tool Companies, Inc.; and**<br>**NEWELL RUBBERMAID INC.,**<br>**a Delaware corporation,** | ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

### ORDER AND OPINION

Before the Court is Defendants' Combined Application for Leave to File Third-Party

Complaint and Brief in Support (Docket No. 18), Plaintiffs' Objection and Response (Docket

No. 19), and Defendants' Reply Brief (Docket No. 21).  For the reasons stated below,

Defendants' Application is GRANTED.

### Background

On November 21, 2003, Plaintiff Robbie Wells, while using one of two new 10-inch

Marathon Plus carbide tipped table saw blades allegedly purchased at a Lowe's Home

Improvement Center in Owasso, Oklahoma, sustained serious injuries when one of the teeth of

the new blade broke free and struck Plaintiff in his left eye.  As a result of his injuries, Plaintiff

Robbie Wells lost all use of his left eye.  Thereafter, Plaintiffs Robbie and Tamara Wells filed

suit in the District Court in and for Rogers County, Oklahoma, against Defendants Lowe's Home

Centers, Inc., Lowe's Companies, Inc., Irwin Industrial Tool Company, and Newell Rubbermaid,

Inc., asserting claims for strict liability, negligence, breach of warranty, and loss of consortium.

Plaintiffs assert that Defendants breached their duties of care to Plaintiff Robbie Wells by failing

to properly design, manufacture, inspect, and test the Marathon saw blade at issue or to warn

Plaintiff and others of the potential dangers associated with its use.

On March 10, 2006, Defendants removed the action to this Court pursuant to 28 U.S.C.

§§ 1332 and 1446.  On August 29, 2006, the Court held a scheduling conference.  In lieu of a

regular trial schedule, the parties agreed to forego initial Rule 26 disclosures and to conduct

expert discovery according to an agreed schedule to be submitted by September 15, 2006.

Furthermore, the parties agreed to file any amendment to their pleadings or to add additional

parties by October 31, 2006.  Both parties were to complete their laboratory of the saw blade by

December 28, 2006, with Plaintiffs to submit their expert report at that time, followed by

Defendants' expert report on January 29, 2007.  The parties filed their Joint Stipulation and

Expert Discovery Plan memorializing this agreement on September 15, 2006.

Since removing this action to this Court, Defendants have been in negotiations with Iwata

Saw Manufacturing Company, the actual manufacturer of the allegedly defective saw blade at

issue in this case, to assume the defense of Plaintiffs' claims pursuant to an agreement between

Iwata and Defendant Irwin by which Iwata allegedly agreed to indemnify downstream sellers of

the saw blades it manufactures.  Although Iwata conditionally agreed to accept the tender of

defense of Plaintiff's claims, it refused to do so with respect to the failure to warn component of

Plaintiffs' negligence and strict products liability claims, asserting that Irwin, not Iwata, was

"solely responsible for the packaging, labeling and warnings that accompanied the subject saw

blade."  (Defs.' Application Ex. G. at 2.)  Subsequent to the October 31, 2006 deadline for

adding parties or amending the pleadings, Defendants continued to seek Iwata's unconditional

assumption of the defense of Plaintiffs' claims.  (Defs.' Application Ex. H at 3-5.)

   Due in part to spoliation concerns relating to destructive testing of the saw blade at issue

and other disagreements between the parties concerning the appropriate course of testing, on

December 13, 2007, the parties entered into an Amended Joint Stipulation and Expert Discovery

Plan providing for inspection and testing of the saw blade and teeth by February 16, 2007, for

Plaintiffs' expert reports to be provided to Defendants by February 28, 2007, and for

Defendants' expert reports to be provided to Plaintiffs by March 30, 2007.  In addition, due to

Iwata's continued reticence to unconditionally assume the defense of Plaintiffs' claims against

Defendants, on February 2, 2007, Defendants' filed their Combined Application for Leave to

File Third-Party Complaint, requesting permission to name Iwata as a third-party defendant in

this action, to which Plaintiffs have objected.

<u>Discussion</u>

   Rule 14 of the Federal Rules of Civil Procedure provides that "a defending party, as a

third-party plaintiff, may cause a summons and complaint to be served upon a person not a party

to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's

claim against the third-party plaintiff."  Fed. R. Civ. P. 14(a).  "The purpose of Rule 14 [is] to

accomplish in one proceeding the adjudication of the rights of all persons concerned in the

controversy and to prevent the necessity of trying several related claims in different lawsuits."

*U.S. v. Acord*, 209 F.2d 709, 712 (10th Cir. 1954), *cert. denied* 347 U.S. 975 (1954).  For this

reason, "[t]he rule should be liberally construed to effectuate its intended purposes."  *Id*.  As the

Tenth Circuit has noted, "[t]he granting of leave for a defendant to prosecute a third party

proceeding under Rule 14 rests in the sound discretion of the trial court." *First Nat. Bank of Nocona v. Duncan Sav. and Loan Ass'n*, 957 F.2d 775, 777 (10th Cir. 1992). In exercising this discretion, courts "generally balance the benefits of allowing the claim to proceed against the potential prejudice to the [parties] in the lawsuit and the third-party." *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 237 F.R.D. 679, 681 (N.D. Okla. 2006).

In support of their Application, Defendants' assert that Oklahoma law entitles Defendants to indemnification for Plaintiffs' claims of product liability relating to the manufacturing of the saw blades at issue. *See* Okla. Stat. tit. 12, § 832.1(A) ("A manufacturer shall indemnify and hold harmless a seller against loss arising out of a product liability action, except for any loss caused by the seller's negligence, intentional misconduct, or other act or omission...for which the seller is independently liable."). As Defendants note, Plaintiffs have asserted strict liability and negligence claims relating to improper design, manufacture, inspection, testing, distribution, sale, and warnings associated with the Marathon saw blade that caused Plaintiff Robbie Wells' injury. Thus, Defendants assert that permitting a third-party claim against Iwata is appropriate because it "would promote efficient resolution of all of the claims arising from the same facts...[and] allow a single jury to hear the evidence and, if necessary, apportion fault between the Defendants and Iwata, avoiding the possibility of inconsistent results which could happen if joinder were denied." (Defs.' Application 7.)

In response, Plaintiffs raise three primary objections to Defendants' Application. First, Plaintiffs observe that under the original Joint Stipulation and Expert Discovery Plan, new parties were to be added by October 31, 2006, with the implication that Defendants' failure to add Iwata by this date should preclude Defendants' attempt to bring a third-party complaint at this point in the case. As noted above, however, Defendants apparently attempted in good faith

to reach an agreement with Iwata by which the latter would assume the defense of Plaintiffs'

claims in this case, beginning in May, 2006, and continuing until January, 2007, and that only

after realizing that it could not reach such an agreement Defendants found it necessary to seek

leave to file a third-party complaint against Iwata.  The Court is not of the opinion that

Defendants failure to meet the joinder deadline set forth in the original Joint Stipulation and

Expert Discovery Plan should operate to preclude the maintenance of a third-party complaint

against Iwata pursuant to Rule 14.[1]

Plaintiffs also contend that "Defendants have not made the requisite showing that this

Court has personal jurisdiction over [Iwata]" (Pls.' Resp. ¶ 3), a Japanese corporation.  However,

Plaintiffs cite no cases supporting the proposition that a defendant must demonstrate personal

jurisdiction over a foreign entity prior to filing a third-party complaint against that entity.  The

Court sees no reason why the fact that Iwata itself might subsequently attack the Court's

personal jurisdiction should bar Defendants' from asserting a third-party claim against Iwata for

indemnification.

Finally, Plaintiffs argue that "adding a Japanese defendant would prejudice the Plaintiffs

because of the additional burden and expense required to pursue a defendant more than 6,500

miles away, including the probability of language barriers" (Pls.' Resp. ¶ 4) and that "granting

the requested relief will...create additional and unnecessary delays in the case" (Pls.' Resp. ¶ 6).

---

[1] To the extent that Plaintiffs also allege that "Defendants were not cooperating in moving this case forward...[and] previously failed and/or refused to assist or adequately correspond regarding the parties' inspection and testing of the physical evidence by their respective experts" (Pls.' Resp. ¶ 2), Plaintiffs fail to demonstrate how such allegations, even if true, are relevant to the question of whether to the Court should permit Defendants to maintain a third-party action against Iwata, other than their conclusory allegation that "[i]f the Court grants leave to Defendants to file a third-party complaint, prosecution of Plaintiffs' claims will be delayed even further" (Pls.' Resp. ¶ 2), a subject addressed separately below.

Instead, Plaintiffs suggest that "Defendants are not without a remedy for a claim of indemnity and/or contribution" and that "Plaintiffs' claims for relief in this action should not be further burdened by a separate contractual dispute between various potential defendants."  (Pls.' Resp. 5.)

As Defendants note, however, "even if Iwata is not added as a third-party defendant, the expense and time associated with discovery from Iwata will nonetheless exist...because Iwata is the designer and manufacturer of the product [at] issue and thus will be the subject of extensive discovery...as a party or as a...witness."  (Defs.' Reply 3.)  Moreover, permitting Defendants to assert a third-party complaint against Iwata appears unlikely to substantially delay the discovery or trial of this matter.  As Defendants point out, discovery in this case has not advanced significantly beyond the preliminary stages.  Indeed, by their own agreement, the parties have already significantly delayed Rule 26 disclosures and have only recently begun the process of expert testing.  Finally, although Defendants could indeed maintain a separate action against Iwata, as noted above, one of the purposes of Rule 14 is to prevent piecemeal litigation of related claims.

Instead, the Court finds that any prejudice or delay to Plaintiffs or Iwata resulting from the Court's decision to permit Defendants to file a third-party complaint against Iwata, given the preliminary state of discovery in this matter, is likely to be minimal and is outweighed by the interest in efficient resolution of related claims.  In contrast, Defendants could experience significant prejudice in being forced to litigate twice the same underlying issues concerning liability and the correct apportionment thereof.  Based upon the circumstances in this case, the Court concludes that Defendants' Combined Application for Leave to File Third-Party Complaint should be granted.

**Conclusion**

For the foregoing reasons, Defendants' Combined Application for Leave to File Third-Party Complaint (Docket No. 18) is hereby GRANTED.  Defendants shall have 15 days in which to file their third-party complaint.

IT IS SO ORDERED this 29th day of March, 2007.

James H. Payne
United States District Judge
Northern District of Oklahoma