IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBBIE WELLS, an individual; and<br>TAMARA WELLS, an individual, | )<br>)<br>) | |
| Plaintiffs, | )<br>)<br>) | |
| v. | )<br>)<br>) | Case No. 06-CV-150-JHP |
| LOWE'S HOME CENTERS, INC.,<br>a foreign corporation registered<br> in the State of Oklahoma;<br>LOWE'S COMPANIES, INC.,<br>a foreign corporation registered<br>in the State of Oklahoma;<br>IRWIN INDUSTRIAL TOOL COMPANY,<br>a foreign corporation formerly known as<br>American Tool Companies, Inc.; and<br>NEWELL RUBBERMAID, INC.,<br>A Delaware corporation, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants, | )<br>) | |
| v | )<br>)<br>) | |
| IWATA SAW MANUFACTURING CO.,<br>LTD., | )<br>)<br>) | |
| Third-Party Defendant. | ) | |

**ORDER AND OPINION**

Before the Court is Third-Party Defendant Iwata Saw Manufacturing Company's Motion to Dismiss Plaintiffs' First, Second, and Fourth Claims for Relief Based on the Statute of Limitations (Docket No. 67). For the reasons set forth herein, the motion is GRANTED.

1

**BACKGROUND**

Plaintiff Robbie Wells, a carpenter by trade, purchased a Marathon Plus carbide-tipped saw blade from Lowe's Home Improvement Center in Owasso, Oklahoma on November 21, 2003. Later that day, Wells installed the blade on a table saw at a job site, and proceeded to cut a sheet of plywood. As soon as the saw was turned on, two of the carbide "teeth" broke free from the saw blade. One of those teeth struck Wells in the left eye. As a result, Wells suffered severe trauma to his eye and has lost all sight in that eye.

On October 13, 2005, Plaintiffs filed suit in the District Court for Tulsa County. The Petition filed by Plaintiffs in state court asserted claims against Lowe's Home Centers, Lowe's Companies, Irwin Industrial Tool Company, and Newell Rubbermaid. Iwata Saw Manufacturing Company was not named as a defendant and there were no claims alleged against Iwata at that time.

On March 10, 2006, the defendants named in the state court petition removed the suit to this court (Docket No. 2). Those defendants filed a third-party complaint against Iwata on April 9, 2007 (Docket No. 31). The third-party complaint asserted claims against Iwata for indemnity and contribution in the event Plaintiffs were to prevail on their claims.

On April 21, 2008, Plaintiffs filed a Second Amended Complaint which asserted direct claims against Iwata.

On May 1, 2008, Iwata filed the instant motion to dismiss, arguing that the First, Second, and Fourth claims contained within Plaintiffs' Second Amended Complaint were asserted after the statute of limitations had run. Therefore, Iwata argues that those claims must be dismissed. In response, Plaintiffs argue that Oklahoma's "discovery rule" saves their claims, thus rendering dismissal improper.

## DISCUSSION

Oklahoma law provides a two year statute of limitations for tort and negligence actions—including those based on strict products liability. *Kirkland v. General Motors Corp.*, 521 P.2d 1353, 1361 (Okla. 1974). The same two year limitations period applies to loss of consortium claims arising out of claims based on strict products liability. *See Moss v. Polyco, Inc.*, 522 P.2d 622 (Okla. 1974).

Here, Plaintiffs' First, Second, and Fourth claims (claims for "Strict Liability," "Negligence/Gross Negligence," and "Loss of Consortium" respectively), are each governed by the two year statute of limitations. Because Wells clearly knew he had been injured by the allegedly defective saw blade on November 26, 2003, absent a tolling of the limitations period, the statute of limitations on any claims arising out of that incident would have run on November 26, 2005.

Oklahoma follows the "discovery rule" which tolls the statute of limitations in tort cases until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury. *Resolution Trust Corp. v. Grant*, 901 P.2d 807, 813 (Okla. 1995). Plaintiffs argue that the discovery rule should toll the running of the statute of limitations of their claims against Iwata because they "were not aware of the involvement of Iwata Saw Manufacturing Co., Ltd. [ ] in this matter until initial disclosures in this lawsuit on or about August 25, 2006." Plaintiffs therefore argue that the statute of limitations will not have run until August 25, 2008.

While other jurisdictions have adopted Plaintiffs expansive view of the discovery rule, *see, e.g., Hickman v. Grover*, 178 W.Va. 249 (1987) (holding that the statute of limitations period begins to run when the plaintiff knew or should have known he has been injured, the identity of the product's maker, and the product's causal relation to the injury), the Court is aware of no Oklahoma case that has so liberally construed the discovery rule. As the Oklahoma rule plainly states, the

statute of limitations is only "tolled until the injured party knows, or in the exercise of reasonable diligence, should have known of the *injury*." *Resolution Trust Corp.,* 901 P.2d at 813 (emphasis added). Here, Plaintiffs clearly knew of the injury to Wells' eye, and that it was caused by the saw blade, on November 26, 2003. The only information not known by the Plaintiffs was the identity of the actual manufacturer of the saw blade. Plaintiffs have cited no authority for the proposition that this type of informational deficit is excused by Oklahoma's discovery rule. Therefore, the Court cannot conclude that Oklahoma's discovery rule tolls the statute of limitations when the injured party knows they have been wrongfully injured, has identified the product that caused the injury, and has identified the designer, distributer, and seller of that product, but has not identified the actual manufacturer of the product.

Because Plaintiffs had sufficient information to initiate the running of the limitations period on November 26, 2003, Plaintiffs had only until November 26, 2005, to diligently pursue their claims against those responsible. Have failed to bring their claims against Iwata until April 21, 2008, Plaintiffs' First, Second, and Fourth claims against Iwata must be dismissed as untimely.

## CONCLUSION

For the reasons set forth above, Third-Party Defendant Iwata Saw Manufacturing Company's Motion to Dismiss Plaintiffs' First, Second, and Fourth Claims for Relief Based on the Statute of Limitations (Docket No. 67) is GRANTED.

IT IS SO ORDERED.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma

4